[The City of Philadelphia *v.* Dickson.]

tolerated now that the plaintiff in error should aver it to have been only notice of an intention to order the opening of the street at a future day.

And if the damages were not prematurely assessed, if the resolution was in substance an order to open the street, then the right to sue for the amount of the assessment after the expiration of the year, was complete. It was not dependent upon the question whether the street had or had not been opened. The year commenced running, not from the actual opening of the street, but from the confirmation of the assessment. The right to the use of the property for a street was then complete, the damages were then due, and the public authorities might then have entered either on paying the money or giving security for its payment. Such is the obvious meaning of the act.

It follows that in our opinion the errors assigned have not been sustained.

The judgment is affirmed.

THE CITY OF PHILADELPHIA *v.* SMETHURST.

STRONG, J.—The judgment is affirmed for the reasons given in the foregoing opinion.

## Simpson *versus* The Pennsylvania Fire Insurance Company.

*Liability of Fire Insurance Companies where there are additional Insurances, or Changes in the Insurances.—Duty of Party Insured in such cases.— Waiver of Condition by Insurer.*

1. Where an insurance policy provided that the party assured should with reasonable diligence give notice of all additional insurances made in his behalf, and of all changes that might be made in such additional insurances, and cause the same to be endorsed on his policy, and stipulated, that unless such notice was given the insured would not be entitled to recover in case of loss, it was *Held*, that a failure on the part of the insured to perform this condition, was a bar to a recovery in an action on the policy.

2. Where no change was made in the aggregate of the sums insured, but there was a material alteration in the amount insured upon the different subjects, notice of this alteration was held necessary in order to render the company liable under a policy of insurance containing such a stipulation.

3. A waiver of the performance of a condition relative to notice of "*changes* made in additional insurances," cannot be inferred from the receipt of information of the mere fact of an additional insurance, where there was no intimation whatever given of any change.

CERTIFICATE from Nisi Prius to the court in banc.